IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT OVUORYE EMOJEVWE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil Action No. 1:10cv229-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Robert Ovuorye Emojevwe ("Emojevwe") has filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 1).  Emojevwe, a federal inmate when he filed his motion, challenges his 2006 guilty plea conviction for aiding and abetting the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2).  Emojevwe contends that his guilty plea and conviction are invalid because neither the government nor the attorney who represented him in the criminal proceedings informed him of his right to contact the consular post of his home country (Nigeria), as required under Article 36 of the Vienna Convention on Consular Relations.  *See* Doc. No. 1 at 4-9.[1]  In addition, he asserts that his counsel rendered ineffective assistance by failing to challenge this alleged violation of his rights under the Vienna Convention.[2]  Doc. No. 1 at 1-2; Doc. No. 1-1 at 2.  Emojevwe

---

[1] Page references are to those assigned by CM/ECF.

[2] Article 36 of the Vienna Convention provides that upon arrest, a foreign national has the
(continued...)

also asserts that his counsel rendered ineffective assistance by failing to inform him that his guilty plea carried a risk of deportation.[3]  Doc. No. 7 at 5-7; Doc. No. 7-1 at 2.

The government maintains that Emojevwe's § 2255 motion is barred from review because it was filed after expiration of the one-year federal limitation period.  *See* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[4]  Doc. No. 5.  Emojevwe was afforded an opportunity to respond to the government's submissions and has done so.  Doc. No. 7.  Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that Emojevwe's § 2255 motion should be denied and this case dismissed because the motion was not filed within the time allowed by federal law.

## II.  DISCUSSION

The timeliness of Emojevwe's § 2255 motion is governed by 28 U.S.C. § 2255(f).  That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section.  The

---

[2](...continued)
right to contact the consular post of his home country, and that the arresting authorities must inform the detainee of that right.  Vienna Convention on Consular Relations, art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820.  Once a detainee is informed of his right to contact the local consulate's office, the arresting authorities must forward any desired communications to that foreign office.  *Id.*

[3] In addition to requesting that this court vacate his 2006 conviction, Emojevwe also seeks money damages based on the alleged violation of his rights under the Vienna Convention and injunctive relief.  Doc. No. 1 at 8-9.  However, money damages and injunctive relief are not remedies obtainable through a motion filed pursuant to 28 U.S.C. § 2255.

[4] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  This section became effective on April 24, 1996.

>  limitation period shall run from the latest of–
>
>> (1) the date on which the judgment of conviction becomes final;
>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The record reflects that Emojevwe was convicted under a guilty plea entered on May 9, 2006, and that he was sentenced on September 11, 2006. The district court entered its judgment against Emojevwe on September 22, 2006. Emojevwe did not file a direct appeal. By operation of law, then, the judgment of conviction became final on October 2, 2006, upon expiration of the time for Emojevwe to file a direct appeal (i.e., 10 days after entry of judgment by the district court).[5] Emojevwe then had one year, specifically until October 2,

---

[5] *See* Fed. R. App. P. 4(b)(1). When Emojevwe was sentenced, Rule 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the
(continued...)

2007, in which to file his § 2255 motion. Emojevwe did not file the instant § 2255 motion until March 10, 2010. Therefore, his § 2255 motion was untimely under § 2255(f)(1).[6]

Nevertheless, Emojevwe argues that his motion was timely under § 2255(f)(4) because, he says, he exercised "due diligence" in discovering on March 10, 2010, "after a telephone conversation with his consulate," that the Vienna Convention was applicable to him and his criminal case.[7] Doc. No. 7 at 1 & 11. Thus, he contends that his § 2255 motion filed on March 10, 2010 (the same date he maintains he learned of the applicability of the Vienna Convention) was timely, as it was filed within one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[8]  *See* 28 U.S.C. § 2255(f)(4).

---

[5](...continued)
purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within **14** days after entry of the district court's judgment.

[6] Emojevwe represents that he signed his original pleading on March 10, 2010. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[7] Emojevwe specifically asserts that he contacted the Nigerian Consulate in Washington D.C. to confirm the Vienna Convention's applicability after he made "a careful and good-faith probing to ascertain and discover it through Due Diligence in the law books [and] decided case laws[.]" (*Doc. No. 7-1 at p. 2.*)

[8] Emojevwe argues that the failure of U.S. officials and his counsel to inform him of his right to contact the consular post of his home country deprived him of the "unique assistance that can be provided by the consulate" in dealing with a foreign legal system and with the "aura of chaos" experienced by foreign detainees faced with "[l]anguage barriers, cultural barriers, lack of resources, isolation, and unfamiliarity with local law." *See* Doc. No. 1 at 5-6. However, he does not point to
(continued...)

4

Emojevwe's alleged discovery of the legal basis for his claim on March 10, 2010 – as opposed to discovery of new *facts* affecting the claim – does not trigger application of the § 2255(f)(4) limitation period to his § 2255 motion. Emojevwe knew when entering his guilty plea that he had not been informed of his right to contact the Nigerian Consulate. That he may not have realized the potential *legal significance* of this fact until his March 10, 2010, telephone conversation is not a basis for applying § 2255(f)(4).[9] *See Madaio v. United States*, 397 F. App'x 568, 569-70 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period."); *Rodriguez v. United States*, No. 1:01-CR-00538, 2008 WL 4663569, at *1 (N.D.N.Y. Oct. 20, 2008) ("Both the plain language of AEDPA and judicial interpretation of the statute indicate that the AEDPA statute of limitations will run from the date that the Petitioner could have diligently discovered the *facts* underlying his claim, not

---

[8](...continued)
the specific prejudice resulting from the fact that he was not informed of his right to contact the Nigerian Consulate.

Importantly, the Eleventh Circuit has indicated that relief from a conviction is not an available remedy for violation of the Vienna Convention. *See Maharaj v. Sec'y for Dept. of Corr.*, 432 F.3d 1292, 1307 (11th Cir. 2005) ("[T]he Convention is not intended to benefit individuals . . . ; the only remedies for a violation of the Vienna Convention are diplomatic, political, or derived from international law."); *see also United States v. Cordoba-Mosquera*, 212 F.3d 1194, 1195-96 (11th Cir. 2000).

[9] In other words, for purposes of § 2255(f)(4), Emojevwe did not "discover" on March 10, 2010, the fact that he had not been informed of his right to contact the Nigerian Consulate. That fact was available to him when he entered his plea. What he discovered on March 10, 2010 (taking his allegations as true), was the potential legal significance of his not being informed of his right to contact the Nigerian Consulate.

the date upon which the Petitioner could have discovered the legal salience of those facts.").

It is, moreover, well settled that ignorance of the law is an insufficient ground on which to toll the limitation period. *See Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is not a basis for equitable tolling of statute of limitation); *March v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse an untimely habeas petition); *United States v. Galvan*, 408 F. App'x 224, 225 (10th Cir. 2011) (ignorance of the law does not excuse untimely § 2255 motion); *see also United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("Given that the vast majority of prisoners could, like Pollard does before us, allege ignorance of the law until an illuminating conversation with an attorney or fellow prisoner, Pollard's alternative construction – that legal norms constitute "facts" for the purposes of § 2255(4) [now § 2255(f)(4) ] – would in effect write the statute of limitations out of AEDPA, rendering it a nullity."). Because the facts underlying Emojevwe's claim that he was not informed by U.S. officials or his counsel of his right to contact the Nigerian Consulate were either known to Emojevwe, or with the exercise of due diligence could have been known, at the time he entered his guilty plea, the limitation period in § 2255(f)(4) does not apply to his § 2255 motion.[10]

Emojevwe also asserts that his § 2255 motion was timely under § 2255(f)(3). *See*

---

[10]The court notes here that claims regarding the infringement of rights under the Vienna Convention are not jurisdictional. *See e.g., United States v. Aguilar-Pereira*, 273 F.3d 1101 (5th Cir. 2001); *United States v. Flores-Garcia*, 230 F.3d 1364 (8th Cir. 2000); *Djenasevic v. United States*, Nos. 8:02cr424-T-17MAP, 8:09cv212-T-17MAP, 2009 WL 315762, at *11-12 (M.D. Fla. Sep. 25, 2009). Thus, such a claim is subject to the limitation period of § 2255(f), just as it may also be waived or otherwise procedurally barred. *See Breard v. Greene*, 523 U.S. 371, 375 (1998).

Doc. No. 7 at 11. Under that provision, the one-year limitation period to file a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). Emojevwe appears to suggest that the Supreme Court's decision in *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473 (2010), created a new rule that applies retroactively for purposes of § 2255(f)(3), that his § 2255 motion is therefore timely, and that he is entitled to collateral relief based on the holding in *Padilla*. In *Padilla*, the Supreme Court held that an attorney provides ineffective assistance of counsel by failing to inform a client that a guilty plea carries a risk of deportation. *Padilla*, 130 S.Ct. at 1486. Emojevwe maintains that he would not have pled guilty if his counsel had informed him of the immigration consequences of his plea.[11] He contends that his counsel's deficient performance in this regard entitles him to have his guilty plea and conviction vacated.

Emojevwe's conviction was final well before the Supreme Court's ruling in *Padilla*. Thus, in order to obtain the benefit of the *Padilla* ruling, Emojevwe must establish that the rule announced in *Padilla* is retroactively applicable to convictions on collateral review. *See Teague v. Lane*, 489 U.S. (1990). Notwithstanding Emojevwe's argument regarding

---

[11] The undersigned is not entirely persuaded by Emojevwe's assertion in this regard. Emojevwe pled guilty pursuant to a plea agreement by which the government agreed to dismiss 45 of 46 counts charging him with filing false tax returns. By pleading guilty, he received a sentence of 15 months. Emojevwe has not contended he was innocent of the crimes charged, nor has he offered any potentially meritorious defense which may have resulted in his being acquitted at trial.

*Padilla*'s retroactivity, the Chief Judge for this Court, W. Keith Watkins, sitting specially in a case from the United States District Court for the Southern District of Florida, recently held that *Padilla* is not retroactively applicable to cases on collateral review. *See Rodriguez v. United States*, No. 1:10cv23718-WKW, 2011 WL 3419614, at *6-8 (S.D. Fla. Aug. 4, 2011). The undersigned follows Judge Watkins's lead in the instant case and finds that *Padilla* does not apply retroactively here.[12]  Because *Padilla* does not apply retroactively to cases on collateral review, the limitation period under § 2255(f)(3) does not apply to Emojevwe's § 2255 motion. Therefore, Emojevwe's motion, filed on March 10, 2010, was not filed within one year of any of the qualifying events described in § 2255(f).[13]

Under the circumstances outlined herein, § 2255(f)(1) provides the limitation period

---

[12] As noted by Judge Watkins, "of the dozens of district courts to have considered this issue, the overwhelming majority (and all within the Eleventh Circuit) have found or hypothesized that the *Padilla* rule (if it is indeed a "new rule") is not a "'watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding," and therefore the rule is not retroactive. *Rodriguez*, at *7 (citations omitted).

Of the three federal circuit courts of appeal to have considered this issue, two, the Seventh Circuit and the Tenth Circuit, have held that *Padilla* is not retroactively applicable, while one, the Third Circuit, has held that *Padilla* is retroactive. *See Chaidez v. United States*, No. 10-3623, __ F.3d ___, 2011 WL 3705173, at *8 (7th Cir. Aug. 23, 2011) (*Padilla* not retroactive); *United States v. Chang Hong*, __ F.3d ___, No. 10-6294, 2011 WL 3805763, at *6-10 (10th Cir. Aug. 30, 2011) (same); *United States v. Orocio*, No. 10-1231, ___ F.3d ___, 2011 WL 2557232, at *7 (3d Cir. Jun. 29, 2011) (*Padilla* applies retroactively).

[13] Emojevwe does not seek safe harbor in the remaining statutory tolling provision of § 2255(f), i.e., §2255(f)(2). Specifically, he alleges no government impediment to filing an earlier § 2255 motion. *See* § 2255(f)(2).

The one-year limitation period for filing a § 2255 motion may be equitably tolled on grounds apart from those specified in § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999). Emojevwe, however, has not asserted any basis – credible or otherwise – for equitable tolling of the limitation period in his case.

applicable to Emojevwe's § 2255 motion. That limitation period expired on October 2, 2007, more than two years before Emojevwe filed his § 2255 motion. Emojevwe's § 2255 motion is time-barred.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 13, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of

the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of September, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE